✥ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
SUCV2019001056
NOV 06, 2019 04:04 PM

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

MICHAEL G BROWN, AS EXECUTOR )
OF THE ESTATE OF )
VERNON ISRAEL BROWN, and )
MARK BROWN, AS GUARDIAN AND )
CONSERVATOR OF HELGA BROWN ) Civil Action No
Plaintiffs )
 )
v. )
 )
 )
DAVID BROWN,
Defendant

## COMPLAINT

COMES NOW Plaintiffs, Michael G Brown as Executor of the Estate of Vernon Brown, deceased, and Mark Brown, Guardian and Conservator of Helga Brown files their complaint against the Defendant as follows:

1. The Defendant David Brown ("Brown" or "Defendant") is a son of Vernon Brown, deceased and Helga Brown.

2. Brown is a resident of Camden County, Georgia at 1036 Greenwillow Drive, St Marys, Georgia 31558 where he may be served with this complaint and subject to the jurisdiction of this honorable court.

3. Michael G Brown ("Executor") is a son of Vernon Brown, deceased and Helga Brown. Michael G Brown is the Executor of the estate of Vernon Brown. Said estate of Vernon Brown is in the Probate Court of Camden County, Georgia: Estate No 2018 P 159.

4. Mark Brown ("Conservator") is a son of Vernon Brown, deceased and is the Guardian and Conservator of his mother Helga Brown, wife of the deceased.

5. Within the last few months of his life, Vernon Brown was influenced, cajoled and directed by Brown to move himself and his wife Helga Brown (Helga Brown had been incapcitated and rendered incompetant from a stroke in September of 2017) from their hometown of more than sixty years, Dallas, Texas, to St Marys, Georgia by Brown who was then resident in St Marys.

6. Brown obtained and had rented a residence in St Marys for Vernon Brown and Helga Brown to live in the same subdivision as the one in which Brown resided. Vernon Brown and Helga Brown were then moved to St Marys in May, 2018. Vernon Brown died in late August, 2018. With the exception of Brown, almost all of Vernon Brown's and Helga Brown's family and friends resided in the Dallas, Texas area.

7. By moving Vernon Brown and Helga Brown to St Marys, Brown placed himself in a position to exercise undue control and influence over his father and the affiars of his incompetant mother. During this time, Vernon Brown was ill and suffered a weakened condition due to advanced age and health problems. Helga Brown was incapacitated due to a stroke in 2017.

8. Using undue influence, control, and pressure, and without valuable consideration, and on information obtained, Brown wrongfully directed Vernon Brown to move funds from the father's and/or mother's individual or joint bank accounts to Brown's accounts; improperly influenced and directed the sale of Vernon Brown's and Helga Brown's Dallas home having proceeds resulting from the sale of that home moved under the Defendant's control to an account not in Vernon Brown's or Helga Brown's individual capacities, with a portion of the proceeds payable directly to Brown despite there being no apparent benefit to Vernon Brown or Helga Brown for the transfer of said funds; and influenced Vernon Brown to execute a new will, which the Probate Court of Camden County has rejected.

9. Executor and Conservator have sent a letter to Brown in St Marys demanding the return of any and all funds received by Brown during the sale of Vernon Brown and Helga Brown's residence to be remitted to the Executor and the Conservator, along with any other funds or property of Vernon or Helga Brown, so that the

Executor can complete the probate of the estate and ensure proper distribution of assets according to the will, and the Conservator can properly manage the property of his ward, Helga Brown.

10. Brown has kept, retained, or converted certain personal property, which includes but is not limited to household goods and furnishings and jewelry, of Helga Brown into his personal possession or control (such including, but not limited to, valuable jewelry and other personal effects of Helga Brown obtained in November of 2017). The specific descriptions and values of the missing property will be compiled during the litigation and discovery process with amendments to the above-styled Complaint.

11. Brown refuses to deliver the above-described money and property to Executor or Conservator after demand was made.

12. Even more specifically, Vernon Brown and Helga Brown owned the Dallas, Texas home that was sold as joint owners. The residence was sold on or about June 11, 2018, the net proceeds amounting to $193,899.64. On or about that date, Defendant converted to his own use and control $173,899.64. On or about that date, Defendant converted to his own use and control $20,000.00 from said sale for a total amount equaling $193,899.64. Brown received said money which

Plaintiffs, according to what is just and good, are entitled to recover and which Brown is not entitled in good conscience to retain or control.

WHEREFORE THE EXECUTOR AND THE CONSERVATOR brings this Complaint against Brown for money had and received; trover; and conversion and prays the Court:

A. Require Defendant to refund any and all funds received by Defendant from Vernon Brown and Helga Brown for the benefit of Plaintiffs;

B. Grant Plaintiff Executor and Plaintiff Conservator judgement against the Defendant in the amount of $193,899.64;

C. Grant Plaintiff Conservator judgement against the Defendant for a return of the personal property unlawfully retained by the Defendant or the dollar amount equal to the value of said personal property ;

D. Issue Summons and Rule Nisi requiring Brown to show cause, if any he has, why Plaintiffs' prayers should not be answered;

E. Issue an immediate restraining order preventing Brown from disbursing, spending, or otherwise depleting any funds received from Vernon Brown or Helga Brown, including but not limited to, any funds received from the sale of the Dallas, Texas home of Vernon Brown or Helga Brown;

F. Award the Executor and Concervator reasonable attorney fees for having to being this action;

G. Provide any and all other relief the Court deems just and proper.

This 6th day of November, 2019.

/s/      Michael B Perry
Michael B Perry, Attorney for the Plaintiff

140 The Lakes Blvd, Suite D3
Kingsland, Ga 31558
(912) 882-5000
GBN: 527750

## IN THE SUPERIOR COURT OF CAMDEN COUNTY
## STATE OF GEORGIA

MICHAEL G BROWN, AS EXECUTOR )
OF THE ESTATE OF )
VERNON ISRAEL BROWN, and )
MARK I BROWN, AS GUARDIAN AND )
CONSERVATOR OF HELGA BROWN )   Civil Action No
Plaintiffs )
 )
v. )
 )
DAVID BROWN, )
Defendant

## **VERIFICATION**

Personally appeared before the undersigned attesting officer, MICHAEL G BROWN, as Executor of the Estate of Vernon I Brown, Deceased, after being duly sworn, states on oath that the facts contained in the foregoing Complaint, are true to the best of his knowledge and belief.

Dated this 31st day of October, 2019.

_____
MICHAEL G BROWN

Sworn to and subscribed before me
this 31st day of October, 2019.

_____
Notary



KATHLEEN A GRANT
Notary Public
STATE OF TEXAS
ID#12419368-4
My Comm. Exp. May 10, 2022

# IN THE SUPERIOR COURT OF CAMDEN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MICHAEL G BROWN, AS EXECUTOR OF THE ESTATE OF VERNON ISRAEL BROWN, and MARK I BROWN, AS GUARDIAN AND CONSERVATOR OF HELGA BROWN<br>Plaintiffs<br><br>v.<br><br>DAVID BROWN,<br>Defendant | Civil Action No |

## VERIFICATION

Personally appeared before the undersigned attesting officer, MARK I BROWN, As Guardian and Conservator of Helga Brown, after being duly sworn, states on oath that the facts contained in the foregoing Complaint, are true to the best of his knowledge and belief.

Dated this 4th day of November, 2019.

_____
MARK I BROWN

Sworn to and subscribed before me this 4th day of November, 2019.

_____
Toni Yeager
Notary

TONI S YEAGER
Notary ID #7048562
My Commission Expires
May 19, 2020

# General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of _____Camden_____ County

**For Clerk Use Only**

Date Filed ___11-06-2019___
MM-DD-YYYY

Case Number ___SUCV2019001056___

## Plaintiff(s)

BROWN, Michael G
| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

## Defendant(s)

Brown, David
| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Perry, Michael___   **Bar Number** ___572750___   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Automobile Tort
- ☐ General Tort
- ☐ Contract
- ☐ Real Property
- ☐ Civil Appeal
- ☐ Habeas Corpus
- ☐ Restraining Petition
- ☐ Injunction/Mandamus/Other Writ
- ☐ Garnishment
- ☐ Landlord/Tenant
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Adoption
- ☐ Family Violence Petition
- ☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony.
- ☐ Modification
- ☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Needed

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

# IN THE SUPERIOR COURT OF CAMDEN COUNTY
# STATE OF GEORGIA

BROWN, Michael G

CIVIL ACTION NUMBER: SUCV2019001056

PLAINTIFF

VS.

Brown, David

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

The Defendant(s) herein are hereby commanded and required personally or by attorney to file with the Clerk of The Superior Court of Camden County, 210 E. 4TH St., WOODBINE, Georgia 31569 within seven (7) days from the date of service of the within Affidavit and Summons, or on the first business day thereafter if the seventh (7th) day falls on a Saturday, Sunday, or a legal holiday, then and there to answer said Affidavit in writing. If the Defendant(s) fail to answer on or before the seventh (7th) day from the date of service, the Defendant(s) may reopen the default as a matter of right by making answer within seven (7) days after the date of the default notwithstanding the provision of Code Section 9-11-55 of the Official Code of Georgia Annotated. If the seventh (7th) day is a Saturday, Sunday, or a legal holiday, the answer may be made on the next day which is not a Saturday, Sunday, or a legal holiday. The last possible date on which the Defendant(s) may answer is the_____ day of_____. If an answer is not so made, a Writ of Possession shall issue against you as by law provided, pursuant to Plaintiff's Affidavit.

Witness the Honorable_____, Judge of Said Court

This __6__ day of _____November_____ of 20 __19__

Clerk of Superior Court

Joy Turner, Clerk
Camden County, Georgia