# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court
By MGarcia at 10:30 am, Mar 25, 2020

MICHAEL G. BROWN, as Executor of the Estate of Vernon Israel Brown; and MARK BROWN, as Guardian and Conservator of Helga Brown,

    Plaintiffs,

v.

DAVID BROWN,

    Defendant.

2:19-CV-165

## ORDER

Before the Court is Defendant David Brown's Motion to Set Aside Order. Dkt. No. 9. For the reasons below, Defendant's motion is **DENIED**.

Plaintiffs Michael G. Brown, as Executor of the Estate of Vernon Israel Brown, and Mark Brown, as Guardian and Conservator of Helga Brown ("Plaintiffs"), brought this action arising from a probate dispute in Camden County (Georgia) Superior Court in November 2019. Plaintiffs alleged in the Complaint that the sole Defendant, David Brown, is a resident of Georgia. Thirty-three days after being served with the Complaint, Defendant Brown removed the case to this Court. In the Notice of Removal, Defendant Brown

alleges federal jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.

Plaintiffs previously filed a motion to remand this case, arguing, among other things, that complete diversity of citizenship among the parties does not exist. The Court concluded that, indeed, diversity of citizenship does not exist because both Plaintiff Michael Brown and Defendant David Brown are Georgia residents. The parties agreed that Defendant David Brown is a Georgia resident. The Court concluded Plaintiff Michael Brown is a Georgia resident for purposes of *this* lawsuit because he is the Executor of the Estate of Vernon Brown, who domiciled within Camden County, Georgia. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). After finding that the Court had neither diversity jurisdiction nor federal question jurisdiction over this matter, the Court remanded the case to state court on February 26, 2020 ("Remand Order"). Dkt. No. 8.

Though Defendant Brown, who is proceeding *pro se*, filed no response to Plaintiffs' motion to remand, he now files a motion to set aside the Court's Remand Order. Dkt. No. 9. The crux of Defendant Brown's motion alleges that he did not receive a copy of Plaintiffs' remand motion and argues that remand was improper because Plaintiff Michael Brown is a citizen of Texas and not the rightful Executor of Vernon Brown's Estate. See id. In response,

2

Plaintiffs present a sworn affidavit from their attorney wherein he affirms that Defendant Brown was served via United States mail with Plaintiffs' remand motion. Dkt. No. 10-1 at 2. Plaintiffs' Counsel also affirms that such mailing was not returned by the United States Postal Service. Id. Finally, Plaintiffs present the Court with Camden County Probate Court's Letters Testamentary appointing Plaintiff Michael Brown as Executor of Vernon Brown's Estate. Id. at 1.

Defendant Brown simply does not meet his burden to overturn the Court's Remand Order. First, he has not shown that Plaintiffs failed to serve him with the remand motion. Plaintiffs' remand motion included a Certificate of Service, which stated Defendant Brown was served with the motion. Dtk. No. 7 at 8. Plaintiffs' Counsel also affirmed via sworn statement that he served Defendant Brown with the motion by United States mail and that same was not returned. Dtk. No. 10-1 at 2-3. Secondly, even if the Court were inclined to consider the arguments Defendant Brown presents in his motion to set aside, Defendant has presented no legal or factual authority which requires the Court to grant him the relief he seeks. Defendant Brown argues why Plaintiff Michael Brown should not be the Executor of Vernon Brown's Estate, but he does not show that Plaintiff Michael Brown is not, in fact, the Executor. Additionally, Defendant Brown does dispute that Michael Brown, in

his role as Executor, is a resident of Georgia. Accordingly, the Court again concludes that diversity of citizenship does not exist.

Defendant Brown's motion to set aside this Court's remand Order, dkt. no. 9, is **DENIED**. This case remains closed.

**SO ORDERED**, this _25th_ day of March, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA